UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MALIK SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 4:24-CV-24-DCLC-CHS |
| ) | |
| BRIAN ELLER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Malik Scott, a prisoner in the custody of the Tennessee Department of Correction, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 judgments of conviction in the Warren County Criminal Court [Doc. 1]. On April 29, 2024, this Court entered an Order providing Petitioner with fourteen (14) days to show cause why the petition should not be dismissed because it was filed outside of the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) [Doc. 9]. Petitioner responded, arguing that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(C) [Doc. 10]. Having considered Petitioner's arguments and the applicable law, the Court will **DENY** Petitioner's federal habeas petition as untimely and **DISMISS** this action.

I.  BACKGROUND

On February 17, 2017, Petitioner pleaded guilty to facilitation of first-degree murder and especially aggravated robbery and received an eighteen-year sentence [Doc. 1]. Petitioner did not appeal the convictions [*Id.* at 2]. Petitioner sought post-conviction relief but voluntarily withdrew his post-conviction petition on March 13, 2019 [*Id*. at 3]. In September 2023,[1] Petitioner filed a

---

[1] The Court takes judicial notice that Petitioner filed his motion to reopen in September 2023. *See* Tennessee Courts, *Appellate Case Search*,

petition to reopen his post-conviction proceedings, but the petition was denied by the trial court [*Id*. at 6].  On December 8, 2023, the Tennessee Court of Criminal Appeals denied Petitioner's appeal of the trial court's order [*Id*. at 7].

On February 19, 2024, Petitioner signed his federal habeas petition, which was received by the United States District Court for the Middle District of Tennessee on February 26, 2024 [*Id*. at 1, 10].  After the action was transferred to this District [Doc. 5] and Petitioner paid the filing fee, the Court entered its Order requiring Petitioner to show cause why the petition should not be dismissed as untimely [Doc. 9].  In response, Petitioner argues that the petition is timely because it was filed within one year of the decision in *State v. Booker*, 656 S.W.3d 49 (Tenn. 2022), the case giving rise to his purported right to relief [*See generally* Doc. 10].

## II.     ANALYSIS

A one-year statute of limitations applies to the instant petition.  28 U.S.C. § 2244(d)(1). The limitations period provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

https://pch.tncourts.gov/CaseDetails.aspx?id=87959&Party=True (Case Dispositional Decision p. 2, Dec. 8, 2023) (last visited May 21, 2024).

2

Case 4:24-cv-00024-DCLC-CHS   Document 11   Filed 06/17/24   Page 2 of 4   PageID #: 15

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner maintains that his petition is timely under § 2244(d)(1)(C), as it was filed within a year of the *Booker* decision [Doc. 10 p. 2]. In *Booker*, the Tennessee Supreme Court relied upon *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) to "hold that an automatic life sentence when imposed on a juvenile homicide offender with no consideration of the juvenile's age or other circumstances violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution." 656 S.W.3d at 52.[2]

But *Booker* is a decision rendered by the Tennessee Supreme Court. As the Court previously noted, "§ 2244(d)(1)(C)'s reference is to the United States Supreme Court, not Tennessee's highest court. *See, e.g., Cobb v. Klee*, No. 15-CV-13682, 2016 WL 3457944, at *3 (E.D. Mich. June 24, 2016) ("A state court's ruling does not constitute a new constitutional rule of law that would delay the start of the limitations period under § 2244(d)(1)(C), because the 'AEDPA's plain text requires a constitutional right newly recognized by the [United States] Supreme Court.'" (quoting *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009)))" [Doc. 9 p. 2]. And even so, the instant petition, filed in February 2024, was not filed within one year of the 2022 *Booker* decision. Therefore, Petitioner cannot rely on § 2244(d)(1)(C) to render his petition timely.

Instead, the one-year limitations period began to run in this case on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[2] In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court held that mandatory life sentences without parole for those under the age of eighteen at the time of their offense violate the Constitution. *Id*. at 470. *Miller* was deemed to be retroactively applicable a few years later in *Montgomery v. Louisiana*, 577 U.S. 190 (2016). *Id*. at 206.

3

such review." 28 U.S.C. § 2244(d)(1)(A). Since Petitioner did not file an appeal, his convictions became "final" under the statute on March 19, 2017–thirty days after he entered his guilty pleas. *See* Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding a judgment of conviction entered upon a guilty plea becomes final thirty days after court accepts plea agreement and imposes sentence). The statute of limitations began running the following day, March 20, 2017. And while the limitations period is tolled during the time a properly filed post-conviction petition is pending, 28 U.S.C. § 2244(d)(2), Petitioner concedes that he withdrew his post-conviction petition in 2019 [Doc. 1 p. 3]. Therefore, even if no time elapsed between when the limitations period began to run and when Petitioner filed for post-conviction relief, the federal limitations period expired, at the latest, in 2020, one year after Petitioner withdrew his post-conviction petition. Accordingly, Petitioner's federal habeas petition is untimely.

### III. CONCLUSION

For the reasons set forth above, the petition will be **DENIED** as time barred, and this action will be **DISMISSED**. Because reasonable jurists would not debate that the petition is time barred, a certificate of appealability from this decision will be **DENIED**. 28 U.S.C. § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court **DENIES** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge